IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-3173 |
| | ) | |
| JASON SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

I. FACTS

When she was sixteen years old, Plaintiff Jane Doe (not her real name) was engaged in a dating relationship with Defendant Jason Smith, who was a year older. The two individuals engaged in sexual intimacy.

The Plaintiff alleges that on one of these occasions, the Defendant set up a hidden video camera and recorded the two in bed. The Plaintiff claims that after the two stopped dating, the Defendant circulated the tape at their high school. She alleges that this publication occurred multiple times.

1

## II. PROCEDURE

Following the remand from the Seventh Circuit, on December 20, 2005, the Court directed the parties to file briefs on the issue of whether the Plaintiff should be allowed to proceed anonymously in this action. The parties have now filed memorandums and reply briefs on that issue.

## III. THE SEVENTH CIRCUIT'S OPINION

In its opinion, the Seventh Circuit directed this Court to "revisit the question whether the plaintiff should be allowed to proceed anonymously." Doe v. Smith, 429 F.3d 706, 710 (7th Cir. 2005). That court further noted that its decisions disfavor anonymous litigation. Id. (citing Doe v. Blue Cross, 112 F.3d 869, 872 (7th Cir. 1997) (noting the fact that a case which involves a medical issue is not alone a sufficient reason for allowing a plaintiff to proceed anonymously); Doe v. Sheriff of DuPage County, 128 F.3d 586, 587 (7th Cir. 1997)(observing that unless exceptional circumstances exist, all parties to a suit must be identified); Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004) (noting that sexual harassment cases are not brought anonymously in most instances)). Anonymous

litigation is disfavored because the public has a right to know who is using the courts. Id.

## IV. ANALYSIS

In his memorandum in opposition to the Plaintiff being allowed to proceed anonymously, the Defendant notes that the presumption is that the parties' identities are public information, and that presumption can be rebutted if the Plaintiff shows that the harm to her exceeds the likely harm from concealment. City of Chicago, 360 F.3d at 669. "[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." Blue Cross, 112 F.3d at 872.

The Defendant notes that in discussing whether the Plaintiff should be allowed to proceed anonymously, the Seventh Circuit stated:

> Plaintiff was a minor when the recording occurred but is an adult today. She has denied Smith the shelter of anonymity–yet it is Smith, and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability.

> Everyone at the high school who saw the recording already knows who "Doe" is, and most people acquainted with Smith could find out whether or not they had seen the recording. (Their dating relationship was no secret.) Now perhaps anonymity still could be justified if the tape has been circulated more widely (as counsel asserted at oral argument), and disclosure would allow strangers to identify the person in the recording and thus add to her humiliation. That question should be explored in the district court–and, if the judge decides that anonymous litigation is inappropriate, the plaintiff should be allowed to dismiss the suit in lieu of revealing her name.

Doe, 429 F.3d at 710.

The Defendant contends that the Plaintiff has not met her burden of demonstrating any exceptional circumstance that would justify allowing her to proceed anonymously. Embarrassment alone is not sufficient. Moreover, the Defendant alleges that the Plaintiff has provided no evidence that any of the contents of the alleged videotape has found its way onto the internet, was otherwise duplicated or downloaded to another medium, or was seen by anyone other than through direct viewing of the original videotape.

In her memorandum in support of the use of a fictitious name, the Plaintiff notes that she has alleged a battery in Count V of the complaint. She contends, moreover, that she is a victim because of the Defendant's

4

actions, which have created a substantial burden to her life and ability to continue living within the community she currently resides. The Plaintiff notes that she is a college student in the area and often returns to Springfield, the city in which the alleged incident occurred. The Plaintiff alleges that the humiliation and embarrassment she feels are real and that she has been comforted by proceeding under a fictitious name.

The Plaintiff asserts that while Seventh Circuit precedent is clear, the allegations as set forth in the complaint are exacerbated by further disclosure or publication of the event which transpired. Moreover, the Plaintiff contends that the Defendant suffers no harm if she is allowed to proceed under a fictitious name. She alleges that the Defendant's actions were intended to be public from the outset. After all, according to the Plaintiff's allegations, the Defendant recorded the sexual encounter, he preserved the videotape and he allowed it to be seen by others–he published it. The Plaintiff claims, therefore, that any disgrace falling upon the Defendant is irrelevant because of his creation of the videotape and subsequent affirmative actions.

The Plaintiff contends that a prohibition on allowing her to proceed anonymously "would only further invade her privacy for no reason other than her zealous pursuit of redress due to harm caused by Defendant's actions." She claims, moreover, that the dozens of people who know of the events which gave rise to this action would balloon to hundreds or thousands if she is forced to proceed under her own name. Accordingly, the Plaintiff requests that she be allowed to continue to proceed as "Jane Doe."

In his reply brief, the Defendant contends that the Plaintiff has failed to present any evidence as to whether the tape has been "circulated more widely (as counsel asserted at oral argument)," pursuant to the Seventh Circuit's direction. <u>Doe</u>, 429 F.3d at 710. The Defendant notes that the Plaintiff does not allege that the tape has been circulated more widely than it was initially or that other copies were made. Accordingly, he contends that the Plaintiff has not demonstrated any exceptional circumstances that would provide justification to deviate from the general practice in federal court.

In her surreply brief, the Plaintiff contends that requiring her to prove

widespread distribution of the tape prior to the completion of discovery is an unfair burden. The Plaintiff alleges that she has demonstrated exceptional circumstances to a sufficient degree so as to proceed anonymously, at least until such time as she has had the opportunity to make the discovery inquiries to which she is entitled.

Because of the presumption that parties' identities in litigation are public information, the Plaintiff faces a significant burden of showing that exceptional circumstances exist which would justify allowing her to proceed anonymously. However, the Court recognizes at this early stage of the litigation that it would be difficult for the Plaintiff to do anything more than simply allege in a conclusory fashion that such circumstances exist. Given that the Seventh Circuit specifically noted that "perhaps anonymity still could be justified if the tape has been circulated more widely (as counsel asserted at oral argument), and disclosure would allow strangers to identify the person in the recording and thus add to her humiliation," Doe, 429 F.3d at 710, the Court will provide the Plaintiff with the opportunity of establishing that she should be allowed to proceed anonymously.

## V. CONCLUSION

Based on Seventh Circuit precedent, the Plaintiff bears a difficult burden in demonstrating that she should be allowed to proceed as Jane Doe. However, the Court concludes she should at least be allowed to engage in discovery before being required to establish that exceptional circumstances are present. Discovery is scheduled to be completed on August 1, 2006. It would not appear that a decision to defer ruling on this issue until that time would serve to further burden the Defendant.

Ergo, the Court declines at this time to enter an Order disallowing the Plaintiff to proceed anonymously. The parties may request that the Court revisit this issue no later than immediately following the close of discovery.

ENTER: February 6, 2006

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge